Harris County Docket Sheet

# 2012-34780

**COURT:** 189th
**FILED DATE:** 6/14/2012
**CASE TYPE:** DAMAGES (OTHER)



### TKO HOLDINGS INC

Attorney: NEAL, S. LOYD III

### VS.

### YANG, STEVE T

Attorney: KUBIAK, HEATHER

| Docket Sheet Entries | |
|---|---|
| **Date** | **Comment** |



County, Texas, certify that
record filed and or recorded
it appears on this date.
of office this

CHRISTOPHER
HARRIS COUNTY, TEXAS   CLERK

_____ Deputy

NO. 2012-34780

| | | |
|---|---|---|
| TKO HOLDINGS, INC. and TKO SPORTS GROUP USA LIMITED, | § § § | IN THE DISTRICT COURT OF |
| Plaintiffs, | § § | |
| vs. | § § | HARRIS COUNTY, T E X A S |
| STEVE T. YANG, | § § | |
| Defendant. | § § | 189TH   JUDICIAL   DISTRICT |

# DEFENDANT'S ORIGINAL ANSWER

Defendant Steve T. Yang files this Original Answer to Plaintiffs' Original Petition, as follows:

## A. General Denial

1. Defendant Steve T. Yang generally denies the allegations in Plaintiffs' Original Petition and demands strict proof thereof.

## B. Prayer

2. For these reasons, Defendant Steve T. Yang asks this Court to dismiss this suit or render judgment that Plaintiffs take nothing, and for such other and further relief to which Defendant may show himself to be entitled.

Respectfully submitted,

Heather Kubiak

Heather Kubiak
Texas Bar No. 24001266
THE KUBIAK LAW FIRM PLLC
440 Louisiana, Suite 900
Houston, Texas 77002
Telephone: (713) 800-8440
Telecopier: (713) 800-8443
**Attorneys for Defendant Steve T. Yang**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been sent to all counsel of record on July 26, 2012, in accordance with the Texas Rules of Civil Procedure.

S. Loyd Neal, III
DUNN, NEAL & GERGER, L.L.P.
3050 Post Oak Boulevard, Suite 400
Houston, Texas 77056
Telephone: (713) 403-7404
Facsimile: (713) 960-0204
*Attorney for Plaintiffs TKO Holdings, Inc.
and TKO Sports Group USA Limited*

Heather Kubiak

Heather Kubiak

STATE OF TEXAS
COUNTY OF HARRIS

I, Chris Daniel, District Clerk, Harris County, Texas, certify that
this is a true copy of the record filed and or recorded
in my office as it appears on this date.
Witness my official hand and seal of office this

3-6-12

CHRIS DANIEL, DISTRICT CLERK
HARRIS COUNTY, TEXAS

_____Deputy

**Filed 12 July 26 P3:45**
**Chris Daniel - District Clerk**
**Harris County**
**FAX15275568**

# CHRIS DANIEL

### HARRIS COUNTY DISTRICT CLERK

# FAX COVER SHEET

**DATE:**   Thursday, July 26, 2012 03:45PM

**TO:**   713-755-1451@FAXPRESS

**FAX:**   713-755-1451

**SUBJECT:**   FAX15275568_1_1

**FROM:**   Kubiak, Heather Kathleen

**VOICE:**

**FAX:**

**COMMENTS:**  Batch Name : Answer

Total Pages *(including cover sheet)*:  3

201 CAROLINE • P.O. BOX 4651 • HOUSTON, TEXAS 77210-4651 • (713) 755-5734
www.hcdistrictclerk.com



STATE OF
COUNTY OF HARRIS

I, Chris Daniel, District Clerk, Harris County, Texas, certify that
this is a true and correct copy of the original record filed and or recorded
in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this

CHRIS DANIEL, DISTRICT CLERK
HARRIS COUNTY, TEXAS

_____ Deputy

P4

CAUSE NO. 201234780

RECEIPT NO. 439452          0.00      MTA
06-14-2012         TR # 72792059

PLAINTIFF: TKO HOLDINGS INC                In The  189th
    vs.                                    Judicial District Court
DEFENDANT: YANG, STEVE T                   of Harris County, Texas
                                           189TH DISTRICT COURT
                                           Houston, TX

CITATION

THE STATE OF TEXAS
County of Harris

**FILED**
Chris Daniel
District Clerk

JUL 19 2012

Time: _____
Harris County, Texas

By _____
    Deputy

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging

TO: YANG, STEVE T
    8 NOREEN ROAD  MANSFIELD MA 02048

Attached is a copy of PLAINTIFF'S ORIGINAL PETITION

This instrument was filed on the 14th day of June, 2012, in the above cited cause number and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED,  You may employ an attorney.  If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of 20 days after you were served this citation and petition, a default judgment may be taken against you.

TO OFFICER SERVING:
    This citation was issued on 25th day of June, 2012, under my hand and seal of said Court.

Issued at request of:                   CHRIS DANIEL, District Clerk
NEAL, S. LOYD III                       Harris County, Texas
3050 POST OAK #400                      201 Caroline     Houston, Texas 77002
HOUSTON, TX 77056                       (P.O. Box 4651, Houston, Texas 77210)
Tel: (713) 960-0156
Bar No.: 14839390                       GENERATED BY: HALE, COREY MICHAEL   CNU/7MM/9313295

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at 10:07 o'clock  A .M., on the  3rd  day of  July _____, 2012 .

Executed at (address)  8 Noreen Road, Mansfield, MA 02048 _____ in

Bristol _____ County at 12:30 o'clock  p .M., on the 3rd day of July ____,

2012 , by delivering to  Steve T. Yang _____ defendant, in person, a
true copy of this Citation together with the accompanying _____ copy(ies) of the
                                                                   Petition
attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this 5th  day of  July _____, 2012 .

Fee: $_____                          _____

                                        _____ of _____ County, Texas

_____               By _____
         Affiant                                       Deputy

On this day, _____ July 10, 2012 _____, known to me to be the person whose
signature appears on the foregoing return, personally appeared . After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited on the
return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this 5th  day of  July _____, 2012 .

_____
         Notary Public

Notary Public
Tabitha M. Higgins
Commonwealth of Massachusetts
My Commission Expires on Feb. 14, 2014

N.INT.CITR.P

## AFFIDAVIT OF SERVICE

**State of Texas**                    **County of Harris**                    **189th Judicial District Court**

Case Number: 201234780

Plaintiff:
**TKO Holdings, Inc. and TKO Sports Group USA Limited**

vs.

Defendant:
**Steve T. Yang**

Received by MASS CONSTABLE SERVICE to be served on **Steve T. Yang, 8 Noreen Rd., Mansfield, MA 02048**.

I, James A. Carey, being duly sworn, depose and say that on the **3rd day of July, 2012 at 12:30 pm, I:**

Served a true and attested copy of the **Citation and Plaintiff's Original Petition** to **Steve T. Yang** in the following manner, by delivering in hand to **Steve T. Yang**. Said service was made at **8 Noreen Rd., Mansfield, MA 02048.**

**Description** of Person Served: Age: 50, Sex: m, Race/Skin Color: oriental, Height: 5'9", Weight: 155, Hair: black/gray, Glasses: y

I certify that I am over the age of 18, have no interest in the above action.

Subscribed and Sworn to before me on
_July 10, 2012_ by the affiant who is
personally known to me.

_Tabitha M. Higgins_
NOTARY PUBLIC

Notary Public
Tabitha M. Higgins
Commonwealth of Massachusetts
My Commission Expires on Feb. 14, 2014

_James A. Carey_
Constable/Disinterested Person

**MASS CONSTABLE SERVICE**
**260 Center Street, Suite 3**
**Middleboro, MA 02346**
**(508) 946-6914**

Our Job Serial Number: MAS-2012001628

Copyright © 1992-2011 Database Services, Inc. - Process Server's Toolbox V6.5m

# DUNN, NEAL & GERGER, L.L.P.

Attorneys at Law
3050 Post Oak Boulevard, Suite 400
Houston, TX 77056

S. Loyd Neal, III
Board Certified: Civil Trial Law
Texas Board of Legal Specialization

(713) 403-7400 (tel)
(713) 960-0204 (fax)

Writer's Direct Dial No. (713) 403-7404
E-mail: lneal@dnglegal.com

July 17, 2012

Mr. Chris Daniel
Harris County District Clerk
P.O. Box 4651
Houston, TX 77210-4651

Re:    Cause No. 2012-34780; *TKO Holdings, Inc. and TKO Sports Group USA, Ltd.*; In the
189th Judicial District Court, Harris County, Texas

Dear Mr. Daniel:

Enclosed herein for filing among the papers in the above-referenced cause, please find an Affidavit of Service on Defendant Steve T. Yang.

Thank you for your assistance and if you have any questions, please feel free to contact our office.

Sincerely,

Ana Harrison,
Paralegal to S. Loyd Neal, III

/ah
Encls.

neopost
07 17 2012
US POSTAGE

$00.45

ZIP 77056
0411L1021558

Loyd Neal
Dunn, Neal & Gerger, LLP
3050 Post Oak Blvd, Suite 400
Houston, Texas 77056

Mr. Chris Daniel
Harris County District Clerk
P.O. Box 4651
Houston, TX 77210-4651



Filed 12 June 14 P5:50
Chris Daniel - District Clerk
Harris County
ED101J016929533
By: Nelson Cuero

**CIVIL CASE INFORMATION SHEET**

2012-34780 / Court: 189

CAUSE NUMBER *(FOR CLERK USE ONLY):* _____ COURT *(FOR CLERK USE ONLY):* _____

STYLED TKO Holdings, Inc. and TKO Sports Group v. Steve T. Yang
*(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing. This sheet, approved by the Texas Judicial Council, is intended to collect information that will be used for statistical purposes only. It neither replaces nor supplements the filings or service of pleading or other documents as required by law or rule. The sheet does not constitute a discovery request, response, or supplementation, and it is not admissible at trial.

| 1. Contact information for person completing case information sheet: | | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|---|
| Name:<br>Loyd Neal | Email:<br>lneal@dnglegal.com | Plaintiff(s)/Petitioner(s):<br>TKO Holdings, Inc.<br>+ TKO Sports Group USA | ☒Attorney for Plaintiff/Petitioner<br>☐Pro Se Plaintiff/Petitioner<br>☐Title IV-D Agency<br>☐Other: _____ |
| Address:<br>3050 Post Oak Ste. 400 | Telephone:<br>713 403-7404 | | Additional Parties in Child Support Case: |
| City/State/Zip:<br>Houston Tx 77056 | Fax:<br>713 960-0204 | Defendant(s)/Respondent(s):<br>Steve T. Yang | Custodial Parent: |
| Signature:<br>*Loyd Neal* | State Bar No.<br>14839390 | | Non-Custodial Parent: |
| | | | Presumed Father: |
| | | [Attach additional page as necessary to list all parties] | |

**2. Indicate case type, or identify the most important issue in the case *(select only 1)*:**

| | Civil | | | Family Law | |
|---|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** | |
| *Debt/Contract*<br>☐Consumer/DTPA<br>☐Debt/Contract<br>☐Fraud/Misrepresentation<br>☐Other Debt/Contract: | ☐Assault/Battery<br>☐Construction<br>☐Defamation<br>*Malpractice*<br>☐Accounting<br>☐Legal<br>☐Medical<br>☐Other Professional<br>Liability: | ☐Eminent Domain/<br>Condemnation<br>☐Partition<br>☐Quiet Title<br>☐Trespass to Try Title<br>☐Other Property:<br>_____ | ☐Annulment<br>☐Declare Marriage Void<br>*Divorce*<br>☐With Children<br>☐No Children | ☐Enforcement<br>☐Modification—Custody<br>☐Modification—Other | |
| *Foreclosure*<br>☐Home Equity—Expedited<br>☐Other Foreclosure<br>☐Franchise<br>☐Insurance<br>☐Landlord/Tenant<br>☐Non-Competition<br>☐Partnership<br>☒Other Contract: | | **Related to Criminal Matters** | **Other Family Law** | **Title IV-D** | |
| | ☐Motor Vehicle Accident<br>☐Premises<br>*Product Liability*<br>☐Asbestos/Silica<br>☐Other Product Liability<br>List Product:<br>_____<br>☐Other Injury or Damage: | ☐Expunction<br>☐Judgment Nisi<br>☐Non-Disclosure<br>☐Seizure/Forfeiture<br>☐Writ of Habeas Corpus—<br>Pre-indictment<br>☐Other: _____ | ☐Enforce Foreign<br>Judgment<br>☐Habeas Corpus<br>☐Name Change<br>☐Protective Order<br>☐Removal of Disabilities<br>of Minority<br>☐Other: | ☐Enforcement/Modification<br>☐Paternity<br>☐Reciprocals (UIFSA)<br>☐Support Order<br><br>**Parent-Child Relationship**<br>☐Adoption/Adoption with<br>Termination<br>☐Child Protection<br>☐Child Support<br>☐Custody or Visitation<br>☐Gestational Parenting<br>☐Grandparent Access<br>☐Parentage/Paternity<br>☐Termination of Parental<br>Rights<br>☐Other Parent-Child: | |
| **Employment** | | **Other Civil** | | | |
| ☐Discrimination<br>☐Retaliation<br>☐Termination<br>☐Workers' Compensation<br>☐Other Employment: | ☐Administrative Appeal<br>☐Antitrust/Unfair<br>Competition<br>☐Code Violations<br>☐Foreign Judgment<br>☐Intellectual Property | ☐Lawyer Discipline<br>☐Perpetuate Testimony<br>☐Securities/Stock<br>☐Tortious Interference<br>☐Other: _____ | | | |

| **Tax** | **Probate & Mental Health** | |
|---|---|---|
| ☐Tax Appraisal<br>☐Tax Delinquency<br>☐Other Tax | *Probate/Wills/Intestate Administration*<br>☐Dependent Administration<br>☐Independent Administration<br>☐Other Estate Proceedings | ☐Guardianship—Adult<br>☐Guardianship—Minor<br>☐Mental Health<br>☐Other: _____ |

**3. Indicate procedure or remedy, if applicable *(may select more than 1)*:**

| | | |
|---|---|---|
| ☐Appeal from Municipal or Justice Court<br>☐Arbitration-related<br>☐Attachment<br>☐Bill of Review<br>☐Certiorari<br>☐Class Action | ☐Declaratory Judgment<br>☐Garnishment<br>☐Interpleader<br>☐License<br>☐Mandamus<br>☐Post-judgment | ☐Prejudgment Remedy<br>☐Protective Order<br>☐Receiver<br>☐Sequestration<br>☐Temporary Restraining Order/Injunction<br>☐Turnover |



I, District Clerk of Harris County, Texas, certify that this and correct copy of the original filed and or recorded as it appears on this date. Witness my official hand and seal of office this

S DANIEL, DISTRICT CLERK
RIS COUNTY, TEXAS

Deputy

## NON COMPETITION/NON DISCLOSURE/NON SOLICITATION AGREEMENT

**THIS AGREEMENT** made the 1st day of October, 2004,

**BETWEEN**:

        **Steve T. Yang,** 8 Noreen Road, Mansfield
        Massachusetts 02048 USA
        (hereinafter referred to as the "Vendor")

**OF THE FIRST PART,**

- and -

        **TKO Holdings Inc.,** a corporation
        incorporated under the laws of the State of Florida
        (hereinafter referred to as the "Purchaser")

**OF THE SECOND PART,**

- and -

        **Linex International Corporation**
        incorporated under the laws of the State of
        Massachusetts
        (hereinafter referred to as the "Corporation")

**OF THE THIRD PART.**

**WHEREAS** pursuant to an agreement of purchase and sale dated October 1, 2004 (the "Share Purchase Agreement") between the Vendor, the Purchaser and others, the Purchaser agreed to purchase from the Vendor and others all of the outstanding shares in the capital of the Corporation that carries on the business which primarily involves the design, manufacture and supply of fitness equipment, including the developing, enhancing and licensing to third parties of patented processes relating thereto (the "Business"), all on the terms and conditions therein set out;

**AND WHEREAS** the obligations of the Purchaser under the Share Purchase Agreement are expressly subject to the satisfaction of certain conditions therein set out, including the entering into of this Agreement by the Vendor;

**NOW THEREFORE THIS AGREEMENT WITNESSES THAT** in consideration of the entering into by the Purchaser of the Share Purchase Agreement and payment by the Purchaser to the Vendor of the purchase price prescribed therein, the parties agree as follows:



EXHIBIT

A

## 1.    CONFIDENTIALITY AND NON-COMPETITION

The Vendor acknowledges that the Vendor has heretofore, as the owner of shares in the capital of the Corporation, had access to and has been entrusted with information relating to the Corporation and the Business that has not been disclosed to third parties ("Confidential Information") including, without limitation, trade secrets and know-how, computer programs, the names and addresses of the Corporation's customers and suppliers and their particular business requirements and the names and addresses of the Corporation's employees, the disclosure of which Confidential Information to competitors of the Corporation or the Purchaser, or to the general public would be highly detrimental to the best interests of the Purchaser and the Corporation. The Vendor further acknowledges and agrees that the right to maintain confidential the Confidential Information constitutes a proprietary right that the Corporation and the Purchaser are entitled to protect. Accordingly, the Vendor covenants and agrees with the Corporation and the Purchaser that:

(a) he will not disclose any Confidential Information to any  person nor will he use the same for any purposes other than those of the Corporation or the Purchaser at any time during the period of his employment with the Corporation and for five years after the termination thereof;

(b) he will not (without the prior written consent of the Corporation), at any time during the period of his employment with the Corporation and for one  year after the termination thereof, either individually or in partnership or jointly or in conjunction with any person as principal, agent, shareholder or in any other manner whatsoever, carry on or be engaged in or be concerned with or interested in or advise, lend money to, guarantee the debts or obligations of or permit either of their names or any part thereof to be used or employed by any person engaged in or concerned with or interested in any business the same or similar to or competitive with the Business anywhere in Canada or the United States; and

(c) he will not (without the prior written consent of the Corporation) at any time during the period of his employment with the Corporation and for one year after the termination thereof:

(i) contact, for the purpose of soliciting any business  that is competitive with that carried on by the Corporation in respect of the Business, any person who is a customer of the Corporation; or

(ii) initiate contact with any employee or executive of the Corporation for the purpose of offering him or her employment with any person other than the Corporation.

## 2. SEVERABILITY

If any covenant or provision herein is determined to be void or unenforceable in whole or in part, it shall not be deemed to affect or impair the validity of any other covenant or provision, and subsections 1(a), (b) and (c) and clauses 1(c)(i) and (ii) are each declared to be separate and

distinct covenants. The Vendor hereby agrees that all restrictions in section 1 are reasonable and valid and all defences to the strict enforcement thereof by the Purchaser or the Corporation are hereby waived by the Vendor. The Vendor acknowledges that a violation of any of the provisions of section 1 will result in immediate and irreparable damage to the Corporation and the Purchaser, and agrees that, in the event of such violation, the Corporation and the Purchaser shall, in addition to any other rights to relief, be entitled to equitable relief by way of temporary or permanent injunction and to such other relief as any court of competent jurisdiction may deem just and proper. If the Vendor is in breach of any of such restrictions, the running of the period of proscription shall be stayed and shall recommence upon the date the Vendor ceases to be in breach thereof, whether voluntarily or by injunction.

## 3.    APPLICABLE LAW

This Agreement shall be construed, interpreted and enforced in accordance with, and the respective rights and obligations of the parties shall be governed by, the laws of the State of Florida.

## 4.    NUMBER, GENDER AND PERSONS

In this Agreement, words importing the singular number only shall include the plural and vice versa, words importing gender shall include all genders and words importing persons shall include individuals, corporations, partnerships, associations, trusts, unincorporated organizations, governmental bodies and other legal or business entities of any kind whatsoever.

## 5.    SUCCESSORS AND ASSIGNS

This Agreement shall enure to the benefit of and be binding on the parties hereto and their respective heirs, legal personal representatives, successors and assigns.

**IN WITNESS WHEREOF** this Agreement has been executed by the parties hereto.

Steve P Yang

TKO HOLDINGS INC.

LINEX INTERNATIONAL CORPORATION



STATE OF TEXAS
COUNTY OF HARRIS

I, Chris Daniel, District Clerk in and for Harris County, Texas, certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this

CHRIS DANIEL, DISTRICT CLERK
HARRIS COUNTY, TEXAS

_____ Deputy

Filed 12 June 14 P5:50
Chris Daniel - District Clerk
Harris County
ED101J016929533
By: Nelson  Cuero

2012-34780 / Court: 189

CAUSE NO. _____

| | | |
|---|---|---|
| TKO HOLDINGS, INC. and | § | IN THE DISTRICT COURT OF |
| TKO SPORTS GROUP USA LIMITED | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| STEVE T. YANG | § | _____ JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiffs, TKO Holdings Inc. and TKO Sports Group USA Limited, complaining of the conduct of Defendant, Steve T. Yang, and for causes of action respectfully show the Court the following:

### PARTIES

1.  Plaintiff TKO Holdings, Inc. is a Florida corporation with its headquarters and principal place of business located in Houston, Harris County, Texas.

2.  Plaintiff TKO Sports Group USA Limited is a Delaware company with its headquarters and principal place of business located in Houston, Harris County, Texas.

3.  Defendant Steve T. Yang is an individual who resides in Mansfield, Massachusetts. Defendant Steve T. Yang may be served with process at his residence: 8 Noreen Road, Mansfield, Massachusetts 02048, or wherever Mr. Yang may be located and personally served. Service may also be effectuated by registered or certified mail, return receipt requested to Steve T. Yang at 8 Noreen Road, Mansfield, Massachusetts 02048.

### VENUE AND JURISDICTION

4.  Venue and jurisdiction are proper in this State District Court in Harris County, Texas. Defendant Steve T. Yang was a Senior Vice President of Plaintiff TKO Holdings, Inc. and a

Senior Vice President of TKO Sports Group USA Limited, and, at all times material to the claims and causes of action in this lawsuit, he was an employee of TKO Sports Group USA Limited. The causes of action asserted against Defendant Steve T. Yang arose and accrued in material part in Harris County, Texas, and Mr. Yang's duties and obligations to the Plaintiffs that are at issue in this lawsuit were directed to the Plaintiffs in Harris County, Texas, and/or were performable in material part in Harris County, Texas, which is the headquarters and principal place of business of both Plaintiffs. The amount that Plaintiffs seek to recover in damages from Defendant Yang is in excess of this Court's minimum jurisdictional limit. Accordingly, venue and jurisdiction are proper in this State District Court in Harris County, Texas, as alleged, pursuant to Section 15.002 of the Texas Civil Practice & Remedies Code.

## BACKGROUND FACTS

5.      TKO Holdings, Inc. (TKO Holdings") is a Florida corporation that is the parent company of TKO Sports Group USA Limited ("TKO Sports Group"). Together, TKO Holdings and TKO Sports Group are in the business of manufacturing, marketing, distributing, and selling various lines of sporting goods, training and/or exercise equipment, and associated products. The "TKO" brand is well known in the sporting goods/exercise/training markets, and the "TKO" companies have established a reputation among sporting goods stores, retail outlets, wholesalers, and individual consumers for delivering high quality, dependable products.

6.      In 2004, Defendant Steve T. Yang (hereinafter "Yang"), then an owner of Linex International Corporation, participated in a stock transaction/acquisition pursuant to which Linex was acquired by TKO Holdings. Defendant Yang became an owner of stock in TKO Holdings, Inc. as part of that transaction, and he executed a Noncompetition/Nondisclosure/Non-

2

solicitation Agreement (hereinafter the "Noncompete Agreement") in the form attached hereto as Exhibit "A." Defendant Yang, originally given the title of Chief Operating Officer, later changed his title to become the Senior Vice President of TKO Holdings. He also became an employee and Senior Vice President of TKO Sports Group, a wholly owned subsidiary of TKO Holdings. In his capacity as Senior Vice President of TKO Sports Group, Defendant Yang was the second ranking executive in the company. Defendant Yang's duties included the design and development of products from inception to final drawings to preproduction samples to the manufacturing/procurement of final products for resale. Defendant Yang prepared product manuals, reported on product trends and competitors' strategies, developed product sources, negotiated pricing, served as the liaison for the company with factories in Asia, assisted with the company's operations and management, and performed other duties on behalf of TKO Sports Group. In his position as Senior Vice President of TKO Holdings and TKO Sports Group, and as an employee of TKO Sports Group, Defendant Yang owed both Plaintiffs certain fiduciary duties, including duties of loyalty, utmost good faith, the duty to refrain from usurping corporate opportunities, and the duty to make full and fair disclosure of his activities, particularly those activities that Defendant Yang was secretly engaged in to the detriment and damage of Plaintiffs. Defendant Yang's duties and obligations to TKO Holdings also arise from the Noncompete Agreement that Defendant Yang executed in 2004, an agreement that remained in effect throughout Defendant Yang's association with and/or employment by Plaintiffs TKO Holdings and TKO Sports Group. The Noncompete Agreement, in material part, remains in effect as of the filing of this lawsuit.

7.      In approximately April of 2012, representatives of TKO Holdings and TKO Sports Group

3

became aware of activities that Defendant Yang had been secretly conducting and/or facilitating to the detriment and damage of the Plaintiffs. Specifically, Plaintiffs became aware that Defendant Yang was secretly diverting sales and opportunities for sales of merchandise within Plaintiffs' product lines to Sky Bridge International Co. Ltd., a company formed, owned, and/or controlled by Judy Zhu, a former senior employee of TKO Sports Group who worked in China under Yang's supervision. Judy Zhu's status with TKO Sports Group was changed by Yang to that of an "independent contractor," in all likelihood in furtherance of Yang's scheme to divert business to the trading company that she established to compete with the Plaintiffs. Defendant Yang, upon information and belief, received commissions, payments, or other compensation in return for diverting sales from Plaintiffs to Sky Bridge International Co. Ltd./Judy Zhu. To date, Plaintiffs have discovered that Defendant Yang diverted more than $300,000.00 of product orders for sales to Sky Bridge International Co. Ltd./Judy Zhu, orders that should have been placed by Defendant Yang on behalf of TKO Sports Group to customers including Tag Fitness and Sourcelinq. In addition, Defendant Yang interfered with, and continues to interfere with, the payment of commissions owed to TKO Sports Group by factories that Yang dealt with on behalf of TKO.

8.      When confronted by representatives of TKO Holdings/TKO Sports Group, Defendant Yang admitted diverting corporate opportunities and business from the Plaintiffs to Sky Bridge International Co. Ltd. and Judy Zhu. On May 9, 2012, Defendant Yang was terminated as an officer of TKO Holdings and TKO Sports Group, and his employment with TKO Sports Group was also terminated; however, the Noncompete Agreement signed by Defendant Yang remained in effect. Despite being reminded of his ongoing obligations under the Noncompete Agreement

4

following his termination, Defendant Yang, upon information and belief, continued to facilitate and direct the sale of sporting good products within Plaintiffs' product lines to Sky Bridge International Co. Ltd. and Judy Zhu, thereby continuing to deprive Plaintiffs of sales in direct contravention of the Noncompete Agreement. Because Defendant Yang has caused, and, in all likelihood, will continue to cause, Plaintiffs to incur significant damages, it has become necessary for the Plaintiffs to file this lawsuit to recover damages that Plaintiffs have incurred and, in all likelihood, will continue to incur by virtue of Defendant Yang's wrongful actions and conduct. Plaintiffs also ask this Court to enter injunctive and/or other relief as requested below.

### CAUSES OF ACTION

10.     **Breach of Fiduciary Duties**. Plaintiffs incorporate by reference paragraphs 1 through 9 above for all purposes. Plaintiffs assert that Defendant Yang breached his fiduciary duties to TKO Holdings and TKO Sports Group that arose from his position as a Senior Vice President of both entities and that arose from his employment with TKO Sports Group. In particular, Defendant Yang breached his fiduciary duties of loyalty, utmost good faith, the duty to treat the Plaintiffs fairly, and the duty to refrain from usurping/diverting business and business opportunities that rightfully and/or properly belonged to the Plaintiffs. Defendant Yang also breached his fiduciary duties to the Plaintiffs by intentionally concealing his illicit activities. Defendant Yang's breach of his fiduciary duties to the Plaintiffs was a direct and/or proximate cause of damages to TKO Sports Group and its parent company, TKO Holdings. Still further, Plaintiffs allege that Defendant Yang's breaches of his fiduciary duties were committed in a willful, intentional, wrongful, reckless, and or grossly negligent manner; therefore, Plaintiffs, in addition to recovering actual damages, sue to recover exemplary damages from Defendant Yang

5

in the highest amount permitted by law.

11.     **Usurpation**. Plaintiffs incorporate by reference paragraph numbers 1 through 10 above for all purposes. In addition and/or in the alternative to the foregoing, Plaintiffs allege that Defendant Yang committed acts constituting the usurpation and/or theft of business and/or business opportunities rightfully and/or properly belonging to TKO Holdings, and in particular, to TKO Holdings' subsidiary, TKO Sports Group. As an officer of TKO Holdings and TKO Sports Group, and as a valuable employee of TKO Sports Group with special knowledge of the confidential/proprietary/trade secret information belonging to both companies, Defendant Yang diverted and/or usurped valuable business and/or business opportunities that rightfully and properly belong to the Plaintiffs, with Defendant Yang's actions constituting the direct and/or proximate cause of damages to the Plaintiffs. Moreover, because Defendant Yang's actions of usurping and/or diverting valuable business and/or business opportunities from the Plaintiffs to a totally unrelated entity were acts that were committed willfully, intentionally, wrongfully, recklessly, and/or in a grossly negligent manner, Plaintiffs, in addition to recovering actual damages, sue to recover exemplary damages from Defendant Yang in the highest amount permitted by law.

12.     **Misappropriation of Trade Secrets**. Plaintiffs incorporate by reference paragraph numbers 1 through 11 above for all purposes. In addition and/or in the alternative to the foregoing, Plaintiffs allege that Defendant Yang engaged in misconduct constituting trade secret misappropriation. Defendant Yang, as a Senior Vice President of TKO Holdings and TKO Sports Group, and as a valuable employee of TKO Sports Group, had access to confidential and proprietary information of TKO Holdings and TKO Sports Group that constituted the trade secrets of the Plaintiffs including,

6

but not necessarily limited to, the Plaintiffs' computer programs, pricing formulas and strategies, customer information and/or customer lists, marketing information, and business methodology/strategies, all of which were trade secrets of the Plaintiffs. Defendant Yang, while employed with TKO Sports Group and while serving as an officer of both Plaintiffs, misappropriated and/or misused Plaintiffs' trade secret information to divert business and business opportunities to a competitor for Defendant Yang's secret profit and/or benefit, allowing Sky Bridge International Co. Ltd./Judy Zhu to obtain business and business opportunities that rightfully and properly belonged to the Plaintiffs and that could not have been developed or obtained without the misuse and disclosure of Plaintiffs' trade secrets by Defendant Yang. The trade secret information belonging to Plaintiffs was not information generally known outside of Plaintiffs' business; nevertheless, Defendant Yang, upon information and belief, misused that trade secret information for his own personal gain and for the benefit of third parties, and necessarily disclosed such information, directly or indirectly, to third parties, including Sky Bridge International Co. Ltd./Judy Zhu. At all times, Defendant Yang was in a confidential and/or contractual relationship with the Plaintiffs that prohibited the actions described herein. By virtue of Defendant Yang's misappropriation and/or misuse of Plaintiffs' trade secret information, Plaintiffs have incurred actual damages that were directly and/or proximately caused thereby. In addition, because Defendant Yang's misappropriation and/or misuse of Plaintiffs' trade secret information involved Defendant Yang's intentional, willful, and wrongful conduct, Plaintiffs are entitled to recover exemplary damages to the maximum extent permitted by law from Defendant Yang.

Defendant Yang, upon information and belief, has continued to facilitate and/or place business and/or business opportunities with Sky Bridge International Co. Ltd./Judy Zhu despite

7

being reminded upon his termination from TKO Holdings and TKO Sports Group of his continuing confidentiality and non-compete duties under the Noncompete Agreement. Thus, Defendant Yang continues to profit and harm the Plaintiffs through his misuse and disclosure of Plaintiffs' trade secret information.

13.     **Breach of Contract**. Plaintiffs incorporate by reference paragraph numbers 1 through 12 above for all purposes. In addition and/or in the alternative to the foregoing, Plaintiff TKO Holdings asserts that Defendant Yang breached, and is continuing to breach, the Noncompete Agreement. In particular, Defendant Yang has violated, and continues to violate, duties and obligations under the Noncompete Agreement to protect, and refrain from unauthorized use of, the company's trade secret and confidential information. Still further, Defendant Yang has violated, and continues to violate, provisions of the Noncompete Agreement by soliciting business for, contacting, and otherwise promoting and/or facilitating direct competition against the Plaintiffs in the business of selling and servicing exercise, training, and sporting equipment and related products. Defendant Yang's misconduct in breach of the Noncompete Agreement caused, and continues to cause, Plaintiffs, and in particular, TKO Holdings to incur damages. TKO Holdings, prior to filing this lawsuit, made presentment and demand upon Defendant Yang, and otherwise met all conditions precedent to filing suit based upon Defendant Yang's breach of the Noncompete Agreement. Through this lawsuit, TKO Holdings seeks to recover all damages caused by Defendant Yang's breach of contract, together with all costs of court and reasonable and necessary attorney's fees incurred by TKO Holdings. In addition, TKO Holdings asks this Court to enter a restraining order, a temporary injunction, and/or a permanent injunction, as necessary or appropriate, to prohibit Defendant Yang from continuing to breach the Noncompete Agreement. In the unlikely event that any portion of the Noncompete

8

Agreement is unenforceable as written for any reason, TKO Holdings requests that this Court modify the Agreement through its statutory and/or equitable powers, and then enforce any modified agreement to the fullest extent permitted by law.

14.     **Tortious Inference**. Plaintiffs incorporate by reference paragraph numbers 1 through 13 above for all purposes. In addition and/or in the alternative to the foregoing, Plaintiffs assert that Defendant Yang committed acts that constitute tortious interference with Plaintiffs' existing contracts and existing business relationships, as well as tortious interference with Plaintiffs' prospective business contacts and relationships. Defendant Yang's acts of tortious inference were, and continue to be, the direct and proximate cause of actual damages and loss to Plaintiffs; therefore, Plaintiffs seek to recover all actual damages and losses incurred by virtue of Defendant Yang's conduct, as well as exemplary damages to the highest extent permitted by applicable law.

15.     **Trade Secret Misappropriation**. Plaintiffs incorporate by reference paragraph numbers 1 through 14 above for all purposes. In addition and/or in the alternative to the foregoing, Plaintiffs assert that Defendant Yang committed acts that constitute the misappropriation of Plaintiffs' trade secrets, including Plaintiffs' proprietary and confidential information. Defendant Yang held a position of confidence and trust with TKO Holdings and TKO Sports Group, and violated those positions of trust by using and disclosing Plaintiffs' trade secret information in an unauthorized and improper manner, as described above, to facilitate direct competition with Plaintiffs for the benefit of Defendant Yang and third party persons/entities. Defendant Yang violated his confidential and contractual relationship with the Plaintiffs by, among other things, disclosing and/or using in an unauthorized manner Plaintiffs' business strategies, pricing information, pricing strategies, customer contact and purchase information, product information, vendor/supplier information, and other

9

protected, proprietary, confidential, and/or trade secret information of the Plaintiffs. Defendant Yang's misconduct was a direct and/or proximate cause to the Plaintiffs. In addition to all actual damages that Plaintiffs have incurred and, in all probability, will continue to incur, Plaintiffs seek to recover exemplary damages from Defendant Yang to the highest extent permitted by applicable law. Plaintiffs also ask this Court to enter a restraining order, a temporary injunction, and/or a permanent injunction, as necessary or appropriate, to prohibit Defendant Yang from continuing to use and/or disclose Plaintiffs' trade secret information in an unauthorized manner.

16.    **Damages**. Plaintiffs incorporate by reference paragraph numbers 1 through 15 above for all purposes. By virtue of the acts and omissions of Defendant Yang described above, Plaintiffs have incurred and/or in all probability will incur actual damages of at least Two Hundred and Fifteen Thousand Dollars ($215,000.00) which Plaintiffs seek to recover from Defendant Yang through this suit, together with exemplary damages in the amount of at least One Million Dollars ($1,000,000.00), prejudgment interest, attorney's fees, costs of court, and post judgment interest as permitted by law.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs, TKO Holdings, Inc. and TKO Sports Group USA Limited, pray and request that the Defendant, Steve T. Yang, be cited to answer and appear herein, and that upon trial and/or the granting of a dispositive motion, that Plaintiffs have and recover a judgment against Defendant Steve T. Yang for all actual damages, exemplary damages, attorney's fees, prejudgment interest, post judgment interest, and court costs, together with all injunctive, equitable, and/or other relief, at law or in equity, that Plaintiffs are entitled to receive.

Respectfully submitted,

DUNN, NEAL & GERGER, L.L.P.

By: _____

     S. Loyd Neal, III
     TBA No. 14839390
     3050 Post Oak Blvd., Suite 400
     Houston, Texas  77056
     (713) 403-7404 *(direct)*
     (713) 960-0204 *(fax)*

     ***ATTORNEYS FOR PLAINTIFFS***
     ***TKO HOLDINGS, INC. and TKO***
     ***SPORTS GROUP USA LIMITED***

11



STATE OF TEXAS
COUNTY OF HARRIS

I, Chris Daniel, District Clerk of Harris County, Texas, certify that
this is a true and correct copy of the original record filed and or recorded
in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this

CHRIS DANIEL, DISTRICT CLERK
HARRIS COUNTY, TEXAS

_____Deputy